UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER D. CRAFT, SR.,

                              Plaintiff,

        -against-

TOWN OF PLEASANT VALLEY JUSTICE
COURT; JEFFREY BATTISONI; TIMOTHY
PAGONIS; NEW YORK STATE TROOPER
SCHACTOR; NEW YORK STATE
TROOPER McGEE; CLERK WALTON; DC
SUPREME COURT,

                              Defendants.

22-CV-10267 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights during two vehicular stops in Rhinebeck, New York.

He names as Defendants (1) three New York State Troopers, McGee, Schacter, and Filipini;

(2) Justices Jeffrey Battisoni and Christie L. D'Alessio; (3) the Pleasant Valley Justice Court;

(4) Clerk of Court Yvette Walton; (4) Assistant District Attorney ("ADA") Timothy Pagonis; and

(5) "DC Supreme Court."

By order dated February 27, 2023, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file a

third amended complaint,[1] within 60 days of the date of this order, to assert claims against

Troopers McGee, Schacter, and Filipini. The Court dismisses the claims brought against

---

[1] On March 9, 2023, and March 24, 2023, without being ordered to do so, Plaintiff filed
amended pleadings. (*See* ECF 6, 9.)

Defendants Battisoni, D'Alessio, Pleasant Valley Justice Court, Walton, Pagonis, and the United States Supreme Court.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

### A.    Original Complaint

In Plaintiff's original complaint, he asserted claims against New York State Troopers Filipini, McGee, and Schacter, the New York State Police, and Rhinebeck, New York, concerning events that occurred in April 2022 and June 2022. The following is drawn from the original complaint.

On April 17, 2022, in Rhinebeck, New York, Defendant Trooper Filipini asked Plaintiff "about a man with a gun." (ECF 2, at 5.) Plaintiff informed Filipini that he was the man with the gun, which he owned, and that the gun "was put away safe"; Filipini thanked Plaintiff for his cooperation. (*Id.*) Three days later, Plaintiff was driving his vehicle when Filipini, Schacter, and two other State Troopers "aggressively p[u]rsued" him. (*Id.*) Plaintiff pulled his vehicle over, and Filipini approached the driver's side window and asked Plaintiff for his license. Plaintiff

protested the stop, and Filipini asked if Plaintiff's gun was in the car. When Plaintiff told Filipini

that her question was "none of her business," he asked for her sergeant, checking his review

mirror where he observed "at least a dozen trooper cars, some patrol cars with their lights on, and

other unmarked cars." (*Id.*) Schacter, who now was at the driver's side window, ordered Plaintiff

to exit the vehicle, and Plaintiff resisted, causing Schacter to break a window in Plaintiff's

vehicle, reach into the vehicle to unlock the car, and pull Plaintiff from the vehicle. Schacter then

handcuffed Plaintiff and placed him in the back of a patrol car.

Two months later, on June 20, 2022, a similar incident occurred where Defendant McGee

and other unnamed State Troopers "forced" Plaintiff off the road while he was driving. The

Troopers pulled Plaintiff out of his vehicle, handcuffed him, and placed him on the ground,

"refusing to arrest" him. Defendant McGee "produced an[ ] illegal search warrant for

[Plaintiff's] son's building."  (*Id.* at 6.)

## B.    Amended Complaint

In Plaintiff's amended complaint, he named new Defendants concerning his criminal

proceedings arising out of the April 17, 2022, incident, and a court proceeding held on February

24, 2023. Those Defendants are: (1) Town of Pleasant Valley Justice Court; (2) Justice Jeffrey

Battisoni; (3) ADA Timothy Pagonis; and (4) Clerk of Court Walton. Plaintiff asserts in his

amended complaint that these newly named Defendants are "trying to continue prosecuting me

on a misdemeanor charge and traffic tickets I received from New York State troopers on April

17th 2022." (ECF 6, at 5.) He alleges that he "filed a motion to dismiss the charges . . . and they

have denied my motion." (*Id.*)

## C.    Second Amended Complaint

In the second amended complaint, Plaintiff names Troopers Filipini, McGee, and

Schacter, Justices Battisoni and Christie L. D'Alessio, the Pleasant Valley Justice Court, Court

Clerk Walton, ADA Pagonis, and "DC Supreme Court." (ECF 8.) He realleges facts related to the April 17, 2022, incident. He also asserts claims against the judicial defendants, Judges Battisoni and D'Alessio, and ADA Pagonis, regarding their judicial and prosecutorial roles in his court proceedings. Finally, he names as Defendants Pleasant Valley Justice Center, the courthouse where his proceedings are held, and Clerk of Court Walton.

**D.      Prior Action**

In a prior action before the Court, Plaintiff asserted claims related to a separate incident that involved Defendant McGee. *See Craft v. New York State Sup. Ct., Dutchess Cnty.*, ECF 1:22-CV-10347, 2 (S.D.N.Y. Dec. 19, 2022) ("*Craft I*").[2] In *Craft I*, Plaintiff alleged that on June 21, 2022, the day after Trooper McGee pulled Plaintiff's vehicle over, handcuffed Plaintiff, and provided an "illegal" warrant for Plaintiff's son's building, a New York State judge, Justice D'Alessio of the Supreme Court of the State of New York, Dutchess County, "held a hearing against [Plaintiff] for an order of protection." *Id.*, ECF 2 at 5. At the hearing, Defendant McGee had a handwritten order of protection application and a "falsified search warrant application." *Id.* Defendant Justice D'Alessio "found Plaintiff guilty on the application for the order of protection," which, among other things, prohibited Plaintiff from owning or purchasing a gun for one year. *Id.*

## DISCUSSION

**A.      Vehicular Stops**

The Court construes the complaint as asserting Fourth Amendment claims because Plaintiff alleges that Defendants pulled him over while he was driving his vehicle, physically removed him from his car, and handcuffed him.

---

[2] The Court takes judicial notice of the facts alleged in the complaint filed in *Craft I*.

Generally, the "[t]emporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *Wren v. United States*, 517 U.S. 806, 809-10 (1996). An "automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* at 810.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (relying on *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). This standard is met where an officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21; *see also United States v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014) ("The circumstances necessary to justify a *Terry* stop are a reasonable basis to think that the person to be detained is committing or has committed a criminal offense." (citation omitted)). Moreover, "a stop must be individualized—that is, based on 'a suspicion that the particular [subject] being stopped is engaged in wrongdoing.'" *Prado Navarette v. California*, 572 U. S. 393, 396–397 (2014).

Plaintiff alleges that, on two occasions, Defendants did not have cause to stop him while he was driving. He also alleges that his guns were stolen, presumably by Defendants during the stops. It appears, however, that Defendants stopped Plaintiff for the purpose of seizing his guns, which he possessed in violation of an order of protection. In *Craft I*, he alleged that, during a court hearing, a judge found that he violated an order of protection that had prohibited his owning and purchasing guns. In his action, he alleges that his guns were stolen and that he was not charged with new offenses during the stops. It therefore does not appear that Plaintiff can

state a Fourth Amendment claim because the allegations on their face suggest that "criminal activity [w]as afoot," *Illinois*, 528 U.S. at 123; by Plaintiff's own admission, it appears he owned guns in violation of an order of protection.

The Court therefore grants Plaintiff leave to state facts in support of his claims that the two stops on April 17, 2022, and June 20, 2022, did not comport with the Fourth Amendment because Defendants did not have "a reasonable, articulable suspicion that criminal activity [wa]s afoot."[3] For example, if Plaintiff is asserting that Defendants did not stop him because they believed he possessed guns illegally, or that Defendants stopped him for reasons unrelated to any criminal activity, then he should include such allegations in his amended complaint.

**B.    Broken Hand**

In the original complaint, Plaintiff alleges that during one of the vehicular stops, his hand was broken. He does not, however, state facts indicating during which stop his hand was broken or whether any of the named defendants caused this alleged injury. The Court therefore grants Plaintiff leave to state more facts in support of this claim.

**C.    Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

---

[3] If Plaintiff disagrees with a state court finding that he violated an order of protection, or that the order of protection is invalid, he must challenge those findings in the relevant state court proceeding.

47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Justices Battisoni and D'Alessio acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues these Defendants for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Battisoni and D'Alessio because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**D.   Clerk Immunity**

Similarly, Plaintiff's claims against Clerk of Court Walton also must be dismissed on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see, e.g.*,

*Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity). Plaintiff's claims against Clerk of Court Walton, concerning conduct related to Plaintiff's court proceedings, must be dismissed under the doctrine of judicial immunity, and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills*, 645 F.3d at 177; *Montero*, 171 F.3d at 760.

E.      **Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against ADA Pagonis are based on actions within the scope of this Defendant's official duties and associated with the conduct of a trial. Therefore, these claims

are dismissed because they seek monetary relief against a defendant who is immune from such

relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C.

§ 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim

against prosecutor is frivolous if it arises from conduct that is "intimately associated with the

judicial phase of the criminal process").

**F.    Eleventh Immunity**

Plaintiff's claims against Pleasant Valley Justice Center – a part of the New York State

Unified Court System –must be dismissed on immunity grounds. "[A]s a general rule, state

governments may not be sued in federal court unless they have waived their Eleventh

Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment

immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks

and citation omitted, second alteration in original). This immunity shields States from claims for

money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*,

474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02

(1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states

themselves to state agents and state instrumentalities that are, effectively, arms of a state."

*Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under Section 1983. *See*

*Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not

waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*,

557 F.2d 35, 40 (2d Cir. 1977). Further, "the New York State Unified Court System is

unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign

immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan*

*Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme

Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

The Court therefore dismisses Plaintiff's Section 1983 claims against Pleasant Valley Justice Center under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## G.      Sovereign Immunity

Plaintiff names as a Defendant "DC Supreme Court," which the Court assumes is the United States Supreme Court. Plaintiff's claims against this Defendant, however, are barred under the doctrine of sovereign immunity. This doctrine bars federal courts hearing all suits against the federal government, including suits against any part of the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court therefore dismisses Plaintiff's claims against this Defendant as barred under the doctrine of sovereign immunity.

## H.      Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against Troopers Filipini, McGee, and Schacter, regarding the two vehicular stops and his broken hand, the Court grants Plaintiff 60 days' leave to amend his most recent pleading to detail his claims.

Plaintiff is granted leave to file a third amended complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended pleading form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended pleading that Plaintiff wants the Court to consider in deciding whether the third amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's third amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's third amended complaint will completely replace, not supplement, the second amended complaint, any facts or claims that Plaintiff wants to include from the second amended complaint must be repeated in the amended complaint.

## I.      New York Legal Assistance Group

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## J.      *Pro Bono* Counsel

Plaintiff has filed an application for the appointment of *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

Plaintiff is granted leave to file a third amended complaint that complies with the standards set forth above. Plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Third

Amended Complaint," and label the document with docket number 22-CV-10267 (LTS). A Third

Amended Complaint form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such

failure, the second amended complaint will be dismissed for failure to state a claim upon which

relief may be granted.

The Clerk of Court is directed to dismiss all claims brought against Defendants Justices

Jeffrey Battisoni and Christie L. D'Alessio, the Pleasant Valley Justice Court, Court Clerk Yvette

Walton, ADA Timothy Pagonis, and "DC Supreme Court." *See* 28 U.S.C. § 1915(e)(2)(B)(i),

(iii).

The Court denies Plaintiff's application seeking the appointment of *pro bono* counsel,

without prejudice to renewal at a later stage. (*See* ECF 10.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 2, 2023
         New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**THIRD AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                              Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                       Zip Code

Defendant 2:

First Name                      Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                       Zip Code

Defendant 3:

First Name                      Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                       Zip Code

Defendant 4:

First Name                      Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                       Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

> Room LL22
> 40 Foley Square
> New York, NY 10007
> (212) 659 6190
>
> Open weekdays
> 10 a.m. – 4 p.m.
> Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 |
https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

